IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KIRBY RICHARD | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-285 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Kirby Richard, a federal prisoner, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On December 2, 2020, a grand jury in the Eastern District of Texas returned a one-count indictment against Movant, charging him with possession of a firearm by a prohibited person. On May 13, 2021, Movant pleaded guilty to the offense in accordance with a written plea agreement.

The initial presentence report prepared by the probation office calculated a base offense level of 20, a 2-level enhancement for the number of firearms involved in the offense, a 4-level enhancement because Movant possessed or used a firearm or ammunition in connection with another felony offense, and a 2-level enhancement for creating a substantial risk of death or serious bodily harm to his 2-year-old child by fleeing from the police with the child in the car and not restrained. Movant received a 3-level reduction for acceptance of responsibility, for a total offense level of 25. With a criminal history score of V, Movant's guideline range was 100-120 months of imprisonment.

Defense counsel filed objections to the proposed 2-level enhancement for placing his child at risk while fleeing the police.

A sentencing hearing was held on January 5, 2022. The court overruled the objections, adopted the presentence report, and sentenced Movant to 110 months of imprisonment and 3 years of supervised release. The judgment was entered on January 10, 2022. Movant did not appeal.

## The Motion

Movant alleges that he requested defense counsel, Dustin Galmor, to file a notice of appeal because Movant wanted to appeal the guideline enhancements. In addition, Movant claims some of his family members called defense counsel's office to request him to appeal the judgment. Defense counsel did not file a notice of appeal.

## The Evidentiary Hearing

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The undersigned determined that an evidentiary hearing was necessary in this case to allow both parties an opportunity to present evidence regarding disputed facts. Accordingly, counsel was appointed to represent the movant,[1] and a hearing was conducted on December 20, 2023, to further develop the claims and record in this matter.

---

[1] Movant was represented by court-appointed counsel, Ms. Doneane Beckcom, at the evidentiary hearing.

Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, Movant must show a reasonable probability that, but for counsel's

deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

*Failure to File a Notice of Appeal*

A criminal defendant is entitled under the constitution to the effective assistance of counsel on a direct appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963). A defendant who explicitly tells his attorney not to appeal, cannot later complain that the attorney performed deficiently by following the defendant's instructions not to appeal the judgment. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). At the other end of the spectrum, where counsel fails to file a notice of appeal despite the defendant's specific instructions to appeal, such failure constitutes ineffective assistance of counsel. *Id.* In such a case, the defendant is entitled to an appeal without showing that he would likely prevail on the merits of his claims. *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) ("[T]he failure to file a requested NOA is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit."). The presumption of prejudice applies even if the defendant waived his right to appeal. *Garza v. Idaho*, 586 U.S. 232, 247 (2019).

Where the defendant has not conveyed his wishes to counsel, the court must determine whether counsel consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. If counsel did not consult with the defendant by advising the defendant about the advantages and disadvantages of appealing and making a reasonable effort to discover the defendant's wishes, then the court must determine whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.* "[C]ounsel has a constitutionally-imposed duty to consult with the

5

defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal. . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In making this determination, the court must consider all the information counsel knew or should have known. *Id.*

*Application*

At the evidentiary hearing, Movant testified that his attorney did not review discovery with him. On direct examination, Movant testified that defense counsel reviewed the plea agreement and the factual basis of the plea with him. On cross-examination, Movant offered a different version of the events, claiming that defense counsel never went over the agreement with him, and claiming that defense counsel promised Movant a sentence of 57-71 months. Movant stated that he did not understand the agreement when he signed it, and specifically, Movant did not understand the waiver of appeal. Movant testified that defense counsel visited him to discuss the presentence report in October of 2021. At that visit, Movant testified that he asked defense counsel to file objections to the proposed 4-level enhancement for using or possessing a firearm in connection with another felony offense and the 2-level enhancement for creating a substantial risk of death or serious bodily injury to his son while fleeing from law enforcement. The record reflects that defense counsel filed an objection to the 2-level enhancement, arguing that Movant did not flee from law enforcement, but that objection was overruled by the district court at sentencing. Movant testified that, at the conclusion of the sentencing hearing, he told defense counsel that he wanted to appeal the judgment due to the sentence enhancements. According to Movant, defense counsel said he would visit Movant, but he did not. At some point after he was transferred to the Bureau of Prisons (BOP) in March of 2022, Movant states that he asked his mother to reach out to defense counsel to ask about

an appeal, and a BOP counselor called the law firm, but Movant did not find out until August of 2022 that an appeal was not filed.

  Movant's mother, Sonja Ingram, testified at the evidentiary hearing that she spoke with defense counsel before the sentencing hearing about an appeal, and defense counsel stated that he would file appeal. Ms. Ingram stated that she was crying after the hearing and defense counsel told her not to worry because he would file an appeal. Ms. Ingram testified that she kept trying to contact counsel but did not receive a response. After checking PACER in June of 2022, Ms. Ingram discovered that an appeal had not been filed, and she notified Movant in a letter.

  In his affidavit, Movant's defense attorney, Dustin Galmor, states that he was appointed to represent Movant on December 8, 2020, but it took five months to get the discovery and review it with Plaintiff. Mr. Galmor states that they discussed the evidence, legal issues, possible defenses, sentencing procedures and guidelines, possible outcomes, and plea agreement terms. Mr. Galmor states that he visited Movant on May 11, 2021, to review the plea agreement paperwork. Mr. Galmor states that they spent considerable time reviewing the plea agreement, including paragraph 12, which provided that Movant was waiving his right to appeal or collaterally attack the judgment unless the sentence exceeded the statutory maximum or there was ineffective assistance of counsel. According to Mr. Galmor, Movant understood that he would not be able to appeal the judgment unless he received more than the statutory maximum sentence of 120 months. On October 1, 2021, when they reviewed the presentence report prior to filing objections, it was discussed that Movant would not be able to appeal the guideline enhancements if Movant's objections were overruled. Mr. Galmor states that he discussed Movant's appellate rights and the waiver of those rights with Movant on numerous occasions, and they were explained in court at the plea and sentencing hearings. After

he was sentenced to 110 months, Movant asked about appealing the guideline enhancements. Mr. Galmor states that he reminded Movant that he waived his right to appeal the sentence and guideline calculations, and he did not receive any further communications Movant regarding an appeal.

The court finds Mr. Galmor's version of the events to be more credible. Mr. Galmor remembered explaining the terms of the plea agreement and the waiver of appeal in detail with Movant. At the evidentiary hearing, Movant initially said that he reviewed the plea agreement with defense counsel, but that Mr. Galmor did not explain the waiver of appeal so that Movant understood it. On cross-examination, Movant offered a different version of the facts, stating that counsel never went over the plea agreement with him and he did not understand the plea agreement when he signed it. This is contrary to the assertions he made at the plea hearing, where he stated under oath that he fully discussed the case and the plea agreement with defense counsel, he understood the agreement, and he understood his waiver of appeal. Although there was testimony that appellate rights were raised and discussed with Movant and his mother, there is no testimony that Movant explicitly directed Mr. Galmor to file a notice of appeal. Mr. Galmor acknowledges that Movant asked about appeal following the sentencing hearing, and he again explained the waiver to Movant. After that discussion, Mr. Galmor understood that Movant would not be appealing due to the waiver. Although Movant now claims that he wanted to appeal, the court does not find Movant's version of the events to be credible because it is self-serving.

The court finds that counsel explained his right to appeal to the movant, Movant did not direct defense counsel to file a notice of appeal, and Movant did not reasonably demonstrate to counsel that he wanted to appeal the judgment. Futher, there was no reason for Mr. Galmor to

believe that a rational defendant would want to appeal under these circumstances because Movant had waived his right to appeal sentencing issues. As a result, Movant is not entitled to relief.

## Recommendation

The motion to vacate, set aside or correct sentence should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 26th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge